UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:26-cv-01100-SKC-KAS

EVERETT BEN MARTINEZ,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER,
MICHIKO "MIKO" BROWN, DENVER CITY ATTORNEY, in
her official and individual capacities;
NICOLE DOHENY, CHIEF FINANCIAL OFFICER FOR THE
CITY, in her official and individual capacities; and
JEFF DOLAN, CHIEF STRATEGIST FOR THE MAYOR OF
DENVER, in his official and individual capacities,

    Defendants.

---

**PROTECTIVE ORDER REGARDING ATTORNEY-CLIENT PROTECTED
INFORMATION**

---

The Court, having reviewed Defendants' Motion for Protective Order and to Seal (Dkt. No. 44, filed Apr. 10, 2026) and the associated briefing, having held a hearing on the Motion on May 4, 2026, and being fully advised herein, GRANTS said motion for reasons stated on the record.

IT IS ORDERED:

1.    The Clerk of Court shall seal under Level 1 restriction the following: the Complaint (Dkt. No. 1), Notice of the Amended Complaint (Dkt. No. 8), Amended Complaint (Dkt. No. 10), and Plaintiff's [first] Motion for Temporary Restraining Order (Dkt. No. 11). Within 10 days of the date of this order, Plaintiff shall file these same documents on the public docket, but do so only after having applied non-removable black redactions over the portions of the documents identified by Defendants with highlighting and attached to Defendants' motion for protective order.

2.    Docket Nos. 22 and 25 were filed provisionally under seal pending a decision from the Court. The Clerk of Court shall maintain those documents (Plaintiff's Motion for Temporary Restraining Order, Dkt. No. 22, and Plaintiff's Motion for Preliminary Injunction, Dkt. No. 25) under Level 1 restriction. Within 10 days of the date of this order, Plaintiff shall file these same documents on the public docket, but do so only after having applied non-removable black redactions over the portions of the documents that are the same or similar to those identified by Defendants with highlighting and attached to Defendants' motion for protective order.

3.    Defendants Motion for Protective Order (Dkt. No. 44) was filed provisionally under seal pending a decision from the Court. The Clerk of Court shall maintain that

document under Level 1 restriction. Defendants have already filed a redacted copy of their motion on the public record.

4.    Regarding filings going forward in this case, Plaintiff is to take guidance from the highlighted sections of the documents Defendants attached to their Motion for Protective Order in identifying attorney-client privileged and/or confidential information and file documents containing such information under Level 1 restriction. Plaintiff, when filing his motion requesting permission to do so, may reference this Order.

5.    Within seven days of filing any such provisionally-sealed document as just referenced, Plaintiff shall file on the public record a redacted copy of the document. If there is any question as to whether something should be redacted based on privilege and confidentiality related to attorney representation, Plaintiff shall reach out to the other side to confer on said specific portions at least 48 hours in advance of the filing. If there is a dispute, then Plaintiff shall file with the disputed portion redacted and then raise the issue by email with this Court for decision.

6.    Further, Plaintiff and Plaintiff's counsel are ordered to stop discussing with or otherwise revealing to any third party by any means attorney-client privileged and confidential information related to Plaintiff's representation of the City and County of Denver (and, of course any of its Departments, such as the Department of Aviation). Again, Plaintiff and Plaintiff's counsel are to take guidance from the highlighted sections of the documents Defendants attached to their Motion for Protective Order in identifying this type of information. If there is any question as to whether something cannot be revealed to a third party, Plaintiff shall reach out to the other side to confer with specific

2

statements he or his counsel wish to make, at least 48 hours in advance of making the proposed statement. If there is a dispute, then Plaintiff shall raise the issue by email with this Court (pursuant to the Magistrate Judge's discovery dispute procedures) for decision and refrain from making any proposed disclosure until the Court has an opportunity to rule.

7.    For reasons stated on the record, the Court finds that Defendants are entitled to an award of reasonable attorneys' fees and costs for the time spent conferring, including creating documents to further such conferral, briefing these issues, and preparation for and attendance at the hearing on their motion. The parties are instructed to confer and attempt to reach an agreement on the amount of attorneys' fees owed to Defendants. If the parties are unable to reach an agreement by May 14, 2026, Defendants must file an application with this Court by May 28, 2026, specifying all costs and expenses incurred and providing supporting documentation of the requested amount. Plaintiff may file a response, objecting to the reasonableness of the requested fees and costs by June 11, 2026. Defendants may file a reply by June 25, 2026.

SO ORDERED this 4th day of May, 2026.

BY THE COURT:

_____

The Honorable Kathryn A. Starnella
United States Magistrate Judge

3