UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:26-cv-01100-SKC-KAS

EVERETT BEN MARTINEZ,

Plaintiff,

v.

CITY AND COUNTY OF DENVER,
MICHIKO "MIKO" BROWN, DENVER CITY ATTORNEY, in her official and individual capacities;
NICOLE DOHENY, CHIEF FINANCIAL OFFICER FOR THE CITY, in her official and individual capacities; and
JEFF DOLAN, CHIEF STRATEGIST FOR THE MAYOR OF DENVER, in his official and individual capacities,

Defendants.

---

**DEFENDANT, IN HER INDIVIDUAL CAPACITY, MICHIKO BROWN'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS FOR QUALIFIED IMMUNITY**
**[FILING REDACTED VERSION OF DKT. NO. 182]**

---

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

RESPONSE TO PLAINTIFF'S "MATERIAL ALLEGATIONS" .......... 1

A. Plaintiff's Counsel's Arguments Cannot Be Considered .......... 2

B. Plaintiff Cannot Rely on Allegations He Denied .......... 3

ARGUMENT .......... 3

I. PLAINTIFF HAS NOT SHOWN ANY CLEARLY ESTABLISHED FIRST AMENDMENT VIOLATION .......... 4

A. Brown's Alleged Actions Were Not Clearly Established Adverse Employment Actions .......... 5

B. It Is Not Clearly Established that Plaintiff's Speech Was Made Outside of His Official Duties .......... 6

C. Plaintiff Didn't Allege His New (Inapplicable) Cat's Paw Theory .......... 8

II. PLAINTIFF FAILED TO ADDRESS THE ELEMENTS OF HIS FOURTEENTH AMENDMENT CLAIM .......... 9

III. PLAINTIFF'S REMAINING CLAIMS FAIL .......... 10

## TABLE OF AUTHORITIES

### CASES

*Baxter v. Grand Lodge of the Indep. Order of Odd Fellows of Colo.*, 2025 WL 817386 (D. Colo. Jan. 27, 2025) .... 10

*Crews v. Paine*, 686 F. App'x 540 (10th Cir. 2017) .... 8, 9

*Hamilton v. Cunningham*, 880 F. Supp. 1407 (D. Colo. 1995) .... 1, 3

*Hoke v. Swender*, 421 F. Supp. 3d 1164 (D. Kan. 2019) .... 4

*Klaassen v. Univ. of Kan. Sch. of Med.*, 84 F. Supp. 3d 1228 (D. Kan. 2015) .... 3

*Knopf v. Williams*, 884 F.3d 939 (10th Cir. 2018) .... 4, 6

*Lincoln v. Maketa*, 880 F.3d 533 (10th Cir. 2018) .... 6

*Poff v. Oklahoma ex rel. Okla. Dep't of Mental Health & Substance Abuse Servs.*, 683 F. App'x 691 (10th Cir. 2017) .... 7

*Porter v. Regents of Univ. of Colo.*, 2023 WL 2664207 (D. Colo. Mar. 28, 2023) .... 8

*Rohrbough v. Univ. of Colo. Hosp. Auth.*, 596 F.3d 741 (10th Cir. 2010) .... 7

*Schuler v. City of Boulder,* 189 F.3d 1304 (10th Cir. 1999) .... 5

### STATUTES

42 U.S.C. § 1981 .... 3, 9

In his response (Dkt. No. 168), Plaintiff relies on a host of new "allegations" not in his complaint and inapposite law. The Court cannot consider counsel argument but, even if it did, it doesn't cure the principle deficiencies with Plaintiff's First Amendment claims against Brown: under clearly established law, Plaintiff cannot show that his speech was outside the scope of his official duties, or that any of Brown's alleged actions were adverse employment actions. Plaintiff's racial discrimination claim fairs no better. He conflates the Fourteenth Amendment with Title VII and, in doing so, fails to address his burden under qualified immunity for his equal protection claim.

Plaintiff does not address his remaining claims apart from stating in passing that others' alleged actions are "attributable" to Brown, and that his False Claims Act claim should survive. He is wrong.

**RESPONSE TO PLAINTIFF'S "MATERIAL ALLEGATIONS"**

Plaintiff raises many new "allegations" (i.e., counsel argument) that aren't in his complaint and cites to the City's counterclaims that he denies, attempting to convert Brown's Rule 12(c) motion into something it isn't. On Brown's motion, the Court reviews the "content of the pleadings" and takes Plaintiff's well-pleaded allegations and admissions as true. *See Hamilton v. Cunningham*, 880 F. Supp. 1407, 1410 (D. Colo. 1995).

### A. Plaintiff's Counsel's Arguments Cannot Be Considered[1]

Plaintiff spends over half of his response describing "Material Allegations," the majority of which he has never alleged and are, thus, merely Plaintiff's counsel's argument. (*Id.* at 1-8.) The first page of this section contains only one citation to four paragraphs in the complaint, [redacted] (*Id.* at 1 (citing Am. Compl. ¶¶ 3, 9-11).) While Plaintiff's response attempts to go outside the pleadings in many ways, the most pertinent to Brown's motion are as follows.[2] There are no allegations in <u>any pleading</u> that:

- [redacted]
  - Plaintiff's cited paragraphs in the complaint do not allege that Brown directed these decisions. (*See* Am. Compl. ¶¶ 211-12 (alleging "Kathryn Smith … and Laura Colbrun [sic] … told [Plaintiff he] could no longer serve as General Counsel"), ¶¶ 269, 308 (alleging "Defendants" told Plaintiff he could no longer serve as general counsel).)
- [redacted]
- Brown "orchestrated" a pattern of retaliation against Plaintiff. (*Id.* at 15 (no cites to pleadings).)

---

[1] The Court should also decline to consider Plaintiff's performance review (Opp'n 7, Ex. 1), as he provides no argument as to why the Court should consider it. Plaintiff did not incorporate it in his complaint, nor is it central to Plaintiff's claims.

[2] [redacted] (*Id.* at 1-2, 8 n.3.) Even if these arguments had been alleged in his complaint, they have no bearing on Plaintiff's claims <u>against Brown individually</u>.

- Plaintiff has brought a claim under Title VII or 42 U.S.C. § 1981. (*Id.* at 10-11 (no cites to pleadings).)

The Court should not consider these arguments, never alleged. *See Klaassen v. Univ. of Kan. Sch. of Med.*, 84 F. Supp. 3d 1228, 1255 (D. Kan. 2015) (declining to consider allegations made for the first time in opposition to Rule 12(c) motion).

**B. Plaintiff Cannot Rely on Allegations He Denied**

In her motion, Brown cited only to certain paragraphs in the City's counterclaims that Plaintiff admitted, based on the applicable Rule 12(c) motion standard that "all well-pleaded material allegations of the opposing party's pleadings are to be taken as true, and all allegations of the moving party that are denied are taken as false." *Hamilton*, 880 F. Supp. at 1410 (emphasis added). Plaintiff cannot have it both ways: he cannot, on the one hand, argue that his communications with the City's outside counsel were activities done outside the scope of his official duties and, on the other, deny that those communications were made for personal reasons. Nor can he rely on any other allegations he expressly denied. (*See* Opp'n 4-5 (citing Counterclaims ¶¶ 21, 29, 35, 42-45, 58-59, 105, 110-11.) The entire basis of Brown's argument is that even if taken as true, Plaintiff's allegations result in dismissal of his complaint against Brown.

**ARGUMENT**

To meet his burden in response to Brown's qualified immunity challenge, Plaintiff had to proffer case law from the Supreme Court, Tenth Circuit, or the weight of authority elsewhere clearly establishing that the conduct alleged in his

complaint (not argued in his opposition), taken as true, constitutes a violation of his constitutional rights. *See Hoke v. Swender*, 421 F. Supp. 3d 1164, 1170-72 (D. Kan. 2019) (granting qualified immunity on Rule 12(c) motion). For Plaintiff's First Amendment claims, Plaintiff was required to cite to case law addressing both prongs of the five-part *Garcetti/Pickering* test that Brown argued are not clearly established: that Plaintiff's alleged statements and advice were made outside of his official duties and that Brown's alleged conduct constitutes adverse employment actions. With respect to his Fourteenth Amendment claim, Plaintiff needed to show Brown's alleged conduct amounted to "objectively invidious discrimination" and that he was treated differently than similarly situated employees. Plaintiff did not.

## I. PLAINTIFF HAS NOT SHOWN ANY CLEARLY ESTABLISHED FIRST AMENDMENT VIOLATION

In her motion, Brown argued that the Court should dismiss Plaintiff's first and second First Amendment retaliation claims because Plaintiff has not satisfied, and cannot satisfy, two prongs of the five-part *Garcetti/Pickering* test under clearly established law: he has not shown (a) (prong one) clearly established law showing that his speech was made outside of his official duties; and (b) (prong four) that Brown's alleged conduct constituted clearly-established adverse employment actions. Rather than cite law "particularized to the facts of the case" as required (*see Knopf v. Williams*, 884 F.3d 939, 947 (10th Cir. 2018)), Plaintiff makes generic statements of law and fact, and addresses prongs of the test that Brown did not

challenge in her motion (Opp'n 10-15).[3] These generalized arguments are insufficient to defeat Brown's entitlement to qualified immunity.

### A. Brown's Alleged Actions Were Not Clearly Established Adverse Employment Actions

In his response, Plaintiff recites Brown's alleged actions (*id.* at 6-7), all of which Brown showed in her motion were insufficient (Mot. 7-9). The only Tenth Circuit case Plaintiff cites to even try to satisfy the "clearly established" requirement, *Schuler v. City of Boulder,* does not establish that Brown's alleged actions are adverse employment actions under clearly established law. 189 F.3d 1304, 1310 (10th Cir. 1999). There, the court found the combination of removing the employee's job duties, giving her a written reprimand, giving her a low performance evaluation that was "below that received by the janitor while he was suspended," and involuntarily transferring her to another facility amounted to retaliatory conduct. *Id.* Plaintiff does not allege that Brown did any of those things. Plaintiff alleges only that he received the "lowest performance evaluation of his career" (Am. Compl. ¶ 269), yet even then the review itself, attached as Ex. 1 to Plaintiff's opposition, classifies his score as "Thriving."[4] Nor does he allege that his evaluation was lower than other colleagues or that it affected his employment in any way.

[3] Plaintiff's arguments on the second and third prongs also fail for the same reason: he cites no particularized case law clearly establishing them.

[4] Moreover, the review states that Kathryn Smith evaluated Plaintiff (and Snezhanna Singleton was his manager)—not Brown. (Opp'n, Ex. 1 at 1.)

### B. It Is Not Clearly Established that Plaintiff's Speech Was Made Outside of His Official Duties

Plaintiff devotes a single sentence, with no citations to the complaint or applicable case law, to address whether his speech was made within his official duties and, thus, fails to address the qualified immunity standard. (Opp'n 11.) Plaintiff must identify precedent that <u>would have made clear to a reasonable official that his speech was made outside of his official duties</u>. *See Knopf*, 884 F.3d at 949. When the law is not clearly established, as here, the Tenth Circuit routinely grants qualified immunity. *See id.* (granting qualified immunity where it was not "beyond debate" that plaintiff's statements about an ongoing project in which he was heavily involved fell within his official duties); *Lincoln v. Maketa*, 880 F.3d 533, 538-39 (10th Cir. 2018) (granting qualified immunity where supervisor "lacked clear guidance on whether [plaintiff] was speaking as part of her official duties").

The speech at issue—the timeline of which Plaintiff muddies in his response—falls into two buckets: speech Plaintiff made to Brown, Doheny, and Dolan and speech Plaintiff made to OHR in filing his internal complaint. (*See generally* Am. Compl. ¶¶ 223-74.)[5] [redacted]

[5] All of Brown's conduct allegedly done in retaliation for Plaintiff's speech occurred <u>before</u> Plaintiff's attorney sent documents to the City in February, and before Plaintiff filed his lawsuit. (*See id.* ¶¶ 136, 143-52, 184-96, 199, 269-72.)

[redacted] Yet he has not cited a single case showing that such legal advice could somehow fall outside the scope of his official duties; [redacted]

[redacted] First off, Plaintiff never alleges he went outside his "reporting structure" (or even who is in that purported structure) in his complaint. Second, even if he had, "an employee's decision to go outside of their ordinary chain of command does not necessarily insulate their speech." *Poff v. Oklahoma ex rel. Okla. Dep't of Mental Health & Substance Abuse Servs.*, 683 F. App'x 691, 698 (10th Cir. 2017) (cited by Plaintiff). Rather, the Tenth Circuit reasoned, "the proper focus is ultimately still whether the speech 'stemmed from and was of the type that the employee was paid to do,' regardless of the exact role of the individual or entity to which the employee has chosen to speak." *Rohrbough v. Univ. of Colo. Hosp. Auth.*, 596 F.3d 741, 747 (10th Cir. 2010) (nurse's speech to other hospital workers about substandard care was within scope of official duties).

Plaintiff makes no argument and cites no law showing it was clearly established that his speech did <u>not</u> stem from the type of work he was paid to do as

an Assistant City Attorney [redacted] His failure to do so is fatal to his claims.

### C. Plaintiff Didn't Allege His New (Inapplicable) Cat's Paw Theory

Plaintiff argues that Brown can be held liable in her individual capacity under a "cat's paw" theory of liability because she "orchestrated" an alleged pattern of retaliation against Plaintiff. (Opp'n 14-15.) This argument fails for two reasons.

First, there is no authority to support the proposition that a government employee can be held personally liable for retaliation using cat's paw. To the contrary, the Tenth Circuit has held that because cat's paw "is a theory of *employer* liability," applying it to hold individuals personally liable "would appear contrary to basic limits on personal liability under § 1983, which … make 'each Government official only liable for his or her own misconduct.'" *Crews v. Paine*, 686 F. App'x 540, 546 (10th Cir. 2017). The cat's paw theory is intended to combine an employee's improper animus "with an unbiased decisionmaker's adverse action <u>to make the employing entity liable</u>." *Id.* (emphasis added).

---

[redacted] Plaintiff's racial discrimination complaints to human resources. (Opp'n 5 (citing Am. Compl. ¶ 203).) But complaints made with human resources don't raise matters of public concern. *See Porter v. Regents of Univ. of Colo.*, 2023 WL 2664207, at *15 (D. Colo. Mar. 28, 2023) (discussions with human resources about alleged discrimination involved only "matters of internal affairs and personal interest"). It cannot be said that clearly established law showed that Plaintiff's speech was made outside his official duties when the contrary is true.

Second, Plaintiff has not alleged that "Brown instructed City officials to remove [his] job duties" or "orchestrated" anything. (Opp'n 14-15.) But such allegations would not implicate a cat's paw theory anyway, which is where a biased subordinate uses "an unbiased decisionmaker's adverse action" to enact their scheme. *Crews*, 686 F. App'x at 546.

## II. PLAINTIFF FAILED TO ADDRESS THE ELEMENTS OF HIS FOURTEENTH AMENDMENT CLAIM

Plaintiff's response attempts to transform his Fourteenth Amendment claim into a retaliation claim under Title VII and/or 42 U.S.C. § 1981 so that he can rely on Title VII discrimination as the requisite clearly established law. (Opp'n 10-11, 15.) But he has not brought a Title VII or Section 1981 claim—he has brought a claim under the equal protection clause. (Am. Compl. at 43 (claim titled: "Fourteenth Amendment: Race Discrimination: Equal Protection of the Law").)

Plaintiff's allegations confirm this. Plaintiff does not allege, like the Section 1981 cases he cites (Opp'n 11 n.5), that he was a white man retaliated against for seeking to vindicate the rights of a person of color who was being racially discriminated against. Instead, he alleges both he and Washington were "targeted" for their race while "similarly situated white officials" were not. (Am. Compl. ¶¶ 314-19, 332.) Plaintiff's claim is not alleged as a retaliation claim nor can a theory of liability for retaliatory conduct give rise to an equal protection claim. (Mot. 12 n.6.)

Regarding his actual allegations under this claim, Plaintiff does not address Brown's argument at all—he has failed to plausibly allege that Brown's alleged

actions constitute "objectively invidious discrimination" or that he was treated differently (as opposed to the vague use of the word "targeted") than others who were similarly situated (as opposed to unidentified "white officials"). (*Id.* at 11-13.) Because Plaintiff does not address the factors of his Fourteenth Amendment claim, Brown is entitled to qualified immunity.

## III. PLAINTIFF'S REMAINING CLAIMS FAIL

Plaintiff's reliance on alleged actions he claims are "attributable" to Brown to try to save his third, fourth, and fifth First Amendment claims, without explaining why, fails. (Opp'n 7-8.) The complaint does not allege that Brown instructed City officials to remove any of Plaintiff's "job duties," "directed" them to remove Plaintiff from his position, or that she "orchestrated" anything. But further still, Plaintiff cites no case law clearly establishing that removing unidentified "job duties" is an adverse employment action or any case law with comparable facts to the alleged "pattern of retaliation" Brown supposedly "orchestrated." Thus, Brown is entitled to qualified immunity on these claims also.

Finally, Plaintiff's argument about the FCA is unpersuasive. He cites no Tenth Circuit law establishing that such claims can be brought against individual defendants, and courts in this district have consistently held they cannot (Mot. 15 (citing cases)). *See also Baxter v. Grand Lodge of the Indep. Order of Odd Fellows of Colo.*, 2025 WL 817386, at *3 (D. Colo. Jan. 27, 2025).

Dated: September 18, 2026

Respectfully submitted,

*s/ Jessica G. Scott*
Jessica G. Scott
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: 303.244.1800
Email: scott@wtotrial.com

Attorney for Defendants

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel certifies that no portion of this filing was drafted by generative artificial intelligence.

Dated: September 18, 2026.

Respectfully submitted,

*s/ Jessica G. Scott*

Jessica G. Scott
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: 303.244.1800
Email: scott@wtotrial.com

Attorney for Defendants

**CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on September 18, 2026, I electronically filed the foregoing **DEFENDANT, IN HER INDIVIDUAL CAPACITY, MICHIKO BROWN'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS FOR QUALIFIED IMMUNITY** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Bayan Biazar**
  bayan@campbell-litigation.com, carynann@campbell-litigation.com, mario@campbell-litigation.com

- **Stacey A. Campbell**
  stacey@campbell-litigation.com, mario@campbell-litigation.com, bayan@campbell-litigation.com, carl@campbell-litigation.com, carynann@campbell-litigation.com

- **Hannah P. Chapple**
  chapple@wtotrial.com

- **Macy J. Mize-Martinez**
  Mize-Martinez@wtotrial.com, keitlen@wtotrial.com

- **Steven Lee Murray**
  steven@smurraylaw.com, stmlegal@msn.com

- **Jessica Goneau Scott**
  scott@wtotrial.com, lacey@wtotrial.com

*s/ Jessica G. Scott*